I respectfully dissent from the majority opinion. I do not find the evidence supports a finding the profanity used by the appellant directed to Deputy Umscott was made in a manner likely to excite "the crowd."
The incident occurred in the early evening hours at approximately 8:34 p.m. The gathering of 15 people had already complied with Deputy Umscott's request to turn the music down before appellant first used profanity. Significantly after appellant's first use of profanity, Deputy Umscott testified "Ah, at that point ah, I can't say whether the crowd, you know they, they didn't get any rowdier . . ." Tr. at 12.
It was only after appellant separated himself from the crowd and was back at the patrol car, Deputy Umscott decided to arrest appellant when appellant continued to use profanity. Deputy Umscott stated appellant's continued use of profanity was what caused him to place appellant in custody.
I would sustain appellant's assignment of error on the authority ofState v. Dickey (1991), 75 Ohio App.3d 628 and reverse appellant's conviction.